Keith D. Routsong, Esq.
Nevada State Bar 14944
7995 Blue Diamond Rd. Ste 102 #642
Las Vegas, Nevada 89178
(702) 533-8473
keith@fortresslawandrealty.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| **KATHLEEN WATHEN, an individual,**  Plaintiff,  vs.  **MAMMOTH MOVING AND STORAGE,** a California Limited Liability Company; **IAT INSURANCE GROUP,** a North Carolina Corporation; and **TRANSGUARD GENERAL INSURANCE AGENCY, INC.,** an Oklahoma Corp.  Defendant. | Case No: 2:23-cv-00504-APG-DJA  **MOTION TO EXTEND TIME TO SERVE DEFENDANTS** |

COMES NOW, KATHLEEN WATHEN (hereafter "Plaintiff") by and through her attorney, Keith D. Routsong, Esq. of the Law firm FORTRESS LAW AND REALTY, LLC., and hereby submits this *Motion to Extend Time to Serve Defendants* (hereafter "Motion") on the grounds set forth in the Points and Authorities herein, Exhibits attached hereto and any paper or pleadings on file with this court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**FACTUAL BACKGROUND**

Plaintiff initiated this action by filing her Complaint on April 7, 2023, seeking to obtain a judgment in her favor for significant property damage done to her extensive collection of

1

antiques and collectibles. The damage to her items was sustained while Defendant Mammoth Moving and Storage was contracted for the transportation and storage of her collection. This included the transportation to Las Vegas, Nevada where she was relocating. IAT Insurance Group and TransGuard General Insurance Agency, Inc., also defendants in this matter, provided insurance coverage for the Plaintiff's items during transportation and storage. Unfortunately for Plaintiff, the collection was heavily damaged and multiple items went missing while in Mammoth's custody. As a result, Plaintiff suffered hundreds of thousands of dollars of damage for which she has still not been compensated.

Plaintiff filed her Complaint in the midst of settlement discussions with Defendants, which are on-going. As such, the deadline for serving the Defendants in this matter is July 5, 2023; a date which is rapidly approaching. Plaintiff is filing this Motion to extend the time to serve the defendants so that settlement discussions can continue. Should settlement talks bear fruit, this lawsuit may not be necessary and could possibly be dismissed. However, to preserve her rights, Plaintiff brings this motion to extend the time to serve the Defendants.

## LEGAL ARGUMENT

### A. GOOD CAUSE EXISTS TO EXTEND THE TIME TO SERVE THE DEFENDANTS

Plaintiff's deadline to serve the Defendants is July 5, 2023, however, Plaintiff requests that this Court extend the time to serve Defendants by an additional 90 days. The 9th Circuit Court of Appeals has held in *In re Sheehan* requires "a showing of good cause, to extend the time for service." *In re Sheehan*, 253 F. 3d 507, 513 (9th Cir. 2001). They continued that the party seeking an extension of time to serve may be required to demonstrate the following: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*,

citing to *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). Plaintiff has provided notice to the Defendants during settlement discussions, the Defendants will suffer no prejudice should the extension be granted, and Plaintiff would be severely prejudiced as she is approaching the statute of limitations and she has already been damaged to the tune of hundreds of thousands of dollars by Defendants' actions. Finally, the 9th Circuit Court of Appeals stated that "under the terms of the rule, the court's discretion is broad." *Id.* at 513. Therefore, should Plaintiff be able to demonstrate that the Defendants had actual notice of the lawsuit, that the Defendants will not suffer prejudice by way of extension and that Plaintiff will be prejudiced, this Court can exercise its broad discretion to grant an extension of time to serve pursuant to FRCP 4(m). Indeed, "if the plaintiff shows good cause for the failure, the court **must** extend the time for service for an appropriate period." FRCP 4(m), emphasis added.

       i.       **Defendants have received actual notice of the Complaint.**

Plaintiff has provided a copy of the complaint to Defendants by mailing the Complaint to their registered agents. However, Plaintiff has not formally served them by way of personal service as required by FRCP 4. Defendants have also been aware that Plaintiff intends on seeking redress through the legal process should settlement discussions fail to bear fruit. Discussions regarding a possible settlement and potential legal action have been on-going since early 2021, when the damage was discovered by Plaintiff. Plaintiff has involved an expert appraiser to review the damage and provide estimates regarding the damage to Defendants. Defendants have received the reports and, upon information and belief, have involved their own appraisers to confirm the results. These discussions have failed to bear fruit and Plaintiff was forced to initiate action in this Court. Therefore, Defendants have actual knowledge of Plaintiff's complaint and the damages she has suffered, they just have not been formally served pursuant to FRCP 4.

3

### ii. Defendants will not be prejudiced by an extension of time to serve.

Defendants will suffer no prejudice should this Court grant the motion to extend time to serve. Indeed, the Defendants' goal in this matter has been nothing but delays. Upon information and belief, they have not retained counsel in this matter and are hoping for continued delays so that Plaintiff becomes impatient and settles for a paltry amount when she has suffered excessive damage to her valuable belongings. Defendants will suffer no prejudice as a result of an extension and, indeed, are likely in favor of an extension given their repeated delays in this matter. Plaintiff cannot imagine a way in which Defendants will be prejudiced by a 90-day extension.

### iii. Plaintiff will be prejudiced by a denial of the extension.

Plaintiff will suffer prejudice should the extension be denied. First, Plaintiff is getting close to possible statute of limitations concerns. The Nevada Statute of Limitations for contract disputes is six years, as defined in NRS 11.190(1). The contract was signed between five and six years ago. Additionally, the statute of limitations for fraud is three years "upon the discovery by the aggrieved party of the facts constituting the fraud or mistake." NRS 11.190(3). Plaintiff's discovery of the damages was likely when Plaintiff moved to Las Vegas in 2021, meaning that the three-year period of limitation is approaching as well. Filing the Complaint was to preserve claim before the statute of limitations runs. Should the complaint be dismissed without prejudice pursuant to FRCP 4(m), Plaintiff will be running dangerously close to the running of the statute of limitations. Furthermore, Plaintiff desires to resolve this matter either through legal means, or through settlement. Further delays, outside of the extension, would mean that Plaintiff continues to be without compensation for the extensive damage suffered to her valuable personal property.

///

**CONCLUSION**

Plaintiff has satisfied the requirements for an extension of time to serve pursuant to FRCP 4(m) as well as the factors outlined in *In re Sheehan*. This Court has broad discretion to grant an extension and Plaintiff has showed that the Defendant had actual notice of the lawsuit, that Defendant will not be prejudiced by the extension and that Plaintiff will be prejudiced by the denial of an extension. As such, this Court should exercise its discretion and grant the 90-day extension requested by Plaintiff.

DATED this 28th day of June, 2023

/s/Keith D. Routsong, Esq.
KEITH D. ROUTSONG, ESQ.
Nevada Bar No. 14944

**IT IS SO ORDERED.** Plaintiff shall have up to and including **October 3, 2023** within which to serve the Complaint.

DATED: June 29, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE